# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOODY WOODROW TANKSLEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CDC AVENAL STATE PRISON OFFICERS, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | CASE NO. 1:08-cv-00732-LJO-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED<br><br>(Doc. 42)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**Defendants' Motion to Dismiss for Failure to Exhaust**

**I.    Background**

Plaintiff Moody Woodrow, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 27, 2008.  The action is proceeding on Plaintiff's third amended complaint, filed December 4, 2008, against Defendants Martin, Davidson, and Miller for use of excessive physical force, in violation of the Eighth Amendment of the United States Constitution.

On April 20, 2009, Defendants filed a motion to dismiss for failure to exhaust, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b).  Plaintiff filed an opposition on May 5, 2009, and Defendants filed a reply on May 12, 2009.[1]  Local Rule 78-230(m).

///

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on January 8, 2009.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  (Doc. 33.)

## II. **Statutory Exhaustion Requirement**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

## III. **Discussion**

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2009). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy

2

section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney, 311 F.3d at 1199-1201.

Defendants move for dismissal of the claim against them on the ground that Plaintiff did not exhaust. Defendants submit evidence that Plaintiff filed a grievance concerning an incident on May 17, 2008, involving Defendants, but it was screened out because Plaintiff failed to specify the relief he was seeking, and Plaintiff did not thereafter resubmit the grievance. (Doc. 42-2, Motion, Ex. A, Lopez Dec., ¶5.) Further, although between May 2008 and December 2008 Plaintiff submitted seven grievances to the third and final level of review, known as the Director's Level, they were not accepted for review because Plaintiff failed to obtain review at the second level, in compliance with the regulations. (Id., Ex. B, Grannis Dec., ¶10.)

In opposition, Plaintiff argues that he attempted to exhaust the prison grievance system, and also filed petitions for writ of habeas corpus in an attempt to exhaust. (Doc. 45, Opp., 2:4-24.) Additionally, Plaintiff makes generalized assertions that grievances are destroyed. (Id., 2:7-11 & 3:6-18.)

At the time of the events at issue in this action, Plaintiff was incarcerated at Avenal State Prison. Plaintiff's claim arises from an incident on May 16, 2008, in which Defendants allegedly used excessive physical force against Plaintiff during a planned escort from the prison to Coalinga Regional Medical Center for medical care. (Doc. 29, 3rd Amend. Comp.; Doc. 30, Screening Order.)

Plaintiff's exhibits demonstrate that on May 18, 2008, he submitted a grievance complaining about an incident which occurred on May 17, 2008, prior to a medical transport. (Opp., p. 13.) Defendants are named in the grievance, and Plaintiff references leg restraints and falling on the cement floor, facts which are also set forth in the third amended complaint. (Id.) The grievance was received on May 21, 2008, and screened out for abuse of the appeals process and for failure to specify the relief sought. (Id., pp. 12-13.) Pursuant to the screening letter, Plaintiff had fifteen days to resubmit the grievance if he believed it had been rejected in error. (Id., p. 12.)

///

1  "Proper exhaustion[, which] demands compliance with an agency's deadlines and other
2  critical procedural rules . . . ." is required, <u>Woodford v. Ngo</u>, 548 U.S. 81, 90, 126 S.Ct. 2378 (2006),
3  and may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal,"
4  <u>Woodford</u>, 548 U.S. at 83-84. In California, inmates are required to describe the problem and the
5  action requested, tit. 15 § 3084.2(a), and grievances are subject to rejection if they are incomplete
6  or cannot be understood, tit. 15, § 3084.3(c).

7  Plaintiff's exhibits support Defendants' position that Plaintiff filed a grievance which was
8  screened out and never resubmitted. Plaintiff offers no explanation for his failure to correct and
9  resubmit the grievance, and sets forth no other information that would support his position that he
10 exhausted. Plaintiff's vague reference to the destruction of grievances in general is not sufficient to
11 demonstrate that there was no available administrative process to exhaust. Finally, because Plaintiff
12 must use the prison's administrative grievance process, his evidence regarding the petitions for writ
13 of habeas corpus he filed does not assist him in demonstrating compliance with section 1997e(a).
14 Defendants are entitled to dismissal.

15 **IV.   Conclusion and Recommendation**

16 Defendants have met their burden of demonstrating that Plaintiff failed to exhaust in
17 compliance with section 1997e(a). Plaintiff has submitted neither evidence of exhaustion nor
18 evidence that there was no process available for him to exhaust. Therefore, the Court HEREBY
19 RECOMMENDS Defendants' motion to dismiss, filed April 20, 2009, be GRANTED, and this
20 action be dismissed, without prejudice, based on Plaintiff's failure to exhaust.

21 These Findings and Recommendations will be submitted to the United States District Judge
22 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**
23 **days** after being served with these Findings and Recommendations, the parties may file written
24 objections with the court. The document should be captioned "Objections to Magistrate Judge's
25 Findings and Recommendations." The parties are advised that failure to file objections within the
26 ///
27 ///
28 ///

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 16, 2009**              /s/ Sandra M. Snyder
                                  UNITED STATES MAGISTRATE JUDGE